

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

Date: 8/18/11

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

~~EASTERN DIVISION~~
~~Street, Room 134~~
Riverside, CA 92501
(951) 328-4450

**11 CRIM 666**

**RECEIVED**

AUG 29 2011

**LORETTA A. PRESKA**
**CHIEF U.S. DISTRICT JUDGE**
**S.D.N.Y.**

**TERRY NAFISI**
District Court Executive and
Clerk of Court

Southern                    District Of  New York
500 Pearl Street Room 120
New York, NY 10007-1312
Transfer of ☐ Criminal Case  or  ☑ Magistrate Case
Case No. CR 11-766        Case Title:  USA V  Hector Xavier Monsegur

Dear Sir/Madam:

**Pursuant to F.R.CR.P. 5:**
☐  Certified copy of case file documents (Filed prior to January 1, 2007**) and docket sheet
☐  This is an electronically filed case and the documents are available through pacer
☐  Not for public view document (pursuant to Judicial Conference policy)
☐  Original Bond     or    ☐ Original Bond to be forwarded by Fiscal
☐  Original Passport     or    ☐ Declaration re: Passport
☐  Original Passport (received on or after 1-1-07) will be transferred by Pretrial Services
☐  Other  SEALED CASE - ALL DOCUMENTS INCLUDED
**Pursuant to ☑ F.R.CR.P. 20 / ☐ F.R.CR.P. 21:**
☐  This is an electronically filed case and the document are available through pacer.
☐  Certified copy of docket sheet
☐  Certified copy of Indictment / Information**     ☐ Original Consent of defendant
☐  Original Passport     or    ☐ Declaration re: Passport
☐  Original Passport (received on or after 1-1-07) will be transferred by Pretrial Services
☐  Not for public view document (pursuant to Judicial Conference policy)
☑  Other  SEALED CASE - ALL DOCUMENTS INCLUDED

> **\*\*Note: Documents filed on or after January 1, 2007 are available electronically through PACER.**
> Electronically filed documents can be retrieved by using your court's pacer account .

Sincerely,

Clerk, U.S. District Court

By  monica_s_hernandez@cacd.uscourts.gov
        Deputy Clerk

cc:   *U.S. Attorney -Central District of California and Receiving District. Pretrial Services*

**TO BE COMPLETED BY RECEIVING DISTRICT**

Please acknowledge receipt via e-mail to the appropriate address listed below and provide the case number:

☐   CrimIntakeCourtDocs-LA@cacd.uscourts.gov   (Los Angeles Offices)
☐   CrimIntakeCourtDocs-RS@cacd.uscourts.gov   (Riverside Office)
☐   CrimIntakeCourtDocs-SA@cacd.uscourts.gov   (Santa Ana Office)

Case No: _____        Clerk, U.S. District Court

                                                                    By: _____
_____
Date                                                        Deputy Clerk

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED 8/29/11

CR-48 (04/09)               **LETTER RE: F.R.CR.P. 5, 20 and 21 - TRANSFER OUT**

CLOSED, SEALED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CRIMINAL DOCKET FOR CASE #: 2:11-cr-00766-URC All Defendants
## *SEALED*
## Internal Use Only

Case title: USA v. Monsegur

Date Filed: 08/10/2011
Date Terminated: 08/10/2011

Assigned to: Judge CVRecovery Case CRStatistics Unassigned

## Defendant (1)

**Hector Xavier Monsegur**
*TERMINATED: 08/10/2011*

| **Pending Counts** | **Disposition** |
| --- | --- |
| None | |

| **Highest Offense Level (Opening)** | |
| --- | --- |
| None | |

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18:1030(a)(5)(A),(c)(4)(B)(i), and 2: UNAUTHORIZED IMPAIRMENT OF A PROTECTED COMPUTER, AIDING AND ABETTING (1-2) | Consent to transfer case to the Southern District of New York at New York |

| **Highest Offense Level (Terminated)** | |
| --- | --- |
| Felony | |

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

## Plaintiff

**USA**    represented by    **Stephanie S Christensen**
AUSA - US Attorney's Office
Criminal Division - United States
Courthouse
312 North Spring Street 12th Floor
Los Angeles, CA 90012
213-894-3756
Fax: 213-894-0142
Email: stephanie.christensen@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/10/2011 | 1 | INFORMATION filed as to Hector Xavier Monsegur (1) count(s) 1-2. Offense occurred in OD. (mhe) (Entered: 08/17/2011) |
| 08/10/2011 | 2 | CASE SUMMARY filed by AUSA Stephanie S Christensen as to Defendant Hector Xavier Monsegur; defendants Year of Birth: 1983 (mhe) (Entered: 08/17/2011) |
| 08/10/2011 | 3 | EX PARTE APPLICATION to Seal Case Filed by Plaintiff USA as to Defendant Hector Xavier Monsegur(mhe) (Entered: 08/17/2011) |
| 08/10/2011 | 4 | ORDER by Judge Jacqueline H. Nguyen: granting 3 Ex Parte Application to Seal Case as to Hector Xavier Monsegur (1) (mhe) (Entered: 08/17/2011) |
| 08/10/2011 | 5 | MEMORANDUM filed by Plaintiff USA as to Defendant Hector Xavier Monsegur.Re Magistrate Judge Jacqueline Chooljian, Magistrate Judge Patrick J. Walsh, Magistrate Judge Sheri Pym, Magistrate Judge Michael Wilner(mhe) (Entered: 08/17/2011) |
| 08/10/2011 | 6 | MEMORANDUM filed by Plaintiff USA as to Defendant Hector Xavier Monsegur. Re: law clerk for Judge Gary A Feess (mhe) (Entered: 08/17/2011) |
| 08/10/2011 | 7 | SEALED DOCUMENT filed by Plaintiff USA as to Defendant Hector Xavier Monsegur (mhe) (Entered: 08/17/2011) |
| 08/10/2011 |  | (Court only) ****Judge CVRecovery Case CRStatistics Unassigned added. Judge Unassigned no longer assigned to case as to Defendant Hector Xavier Monsegur. (mhe) (Entered: 08/18/2011) |
| 08/10/2011 | 8 | CONSENT TO TRANSFER JURISDICTION (Rule 20) to Southern District of New York. Counts closed as to Hector Xavier Monsegur (1) Count 1-2. (mhe) (Additional attachment(s) added on 8/18/2011: # 1 CR-48) (mhe). (Entered: 08/18/2011) |
| 08/10/2011 |  | (Court only) ***Magistrate Case Terminated (mhe) (Entered: 08/18/2011) |

```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEPHANIE S. CHRISTENSEN (Cal. Bar No. 236653)
 4  ERIC D. VANDEVELDE (Cal. Bar No. 240699)
    Assistant United States Attorneys
 5  Cyber & Intellectual Property Crimes Section
        1200 United States Courthouse
 6      312 North Spring Street
        Los Angeles, California  90012
 7      Telephone: (213) 894-2576/3756
        Facsimile: (213) 894-0141
 8      E-mail: stephanie.christensen@usdoj.gov
               eric.vandevelde@usdoj.gov
 9
    Attorneys for Plaintiff
10  UNITED STATES OF AMERICA
```

FILED
CLERK, U.S. DISTRICT COURT

AUG ꞈ O 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 11-____ **CR11 0766** |
| | ) | |
|         Plaintiff, | ) | CRIMINAL FILING |
| | ) | |
|           v. | ) | |
| | ) | [UNDER SEAL] |
| UNDER SEAL, | ) | |
| | ) | |
|         Defendant. | ) | |
| | ) | |
| | ) | |

**UNDER SEAL**

1  ANDRÉ BIROTTE JR.
   United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   STEPHANIE S. CHRISTENSEN (Cal. Bar No. 236653)
4  ERIC D. VANDEVELDE (Cal. Bar No. 240699)
   Assistant United States Attorneys
5  Cyber & Intellectual Property Crimes Section
        1200 United States Courthouse
6       312 North Spring Street
        Los Angeles, California  90012
7       Telephone: (213) 894-2576/3756
        Facsimile: (213) 894-0141
8       E-mail: stephanie.christensen@usdoj.gov
                eric.vandevelde@usdoj.gov
9
   Attorneys for Plaintiff
10 UNITED STATES OF AMERICA

11                 UNITED STATES DISTRICT COURT

12            FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 UNITED STATES OF AMERICA,       )  No. CR 11-_____
                                   )
14                Plaintiff,        )  NOTICE OF WAIVER OF
                                   )  INDICTMENT; DECLARATION OF
15           v.                     )  STEPHANIE S. CHRISTENSEN;
                                   )  EXHIBIT A (WAIVER OF
16 HECTOR XAVIER MONSEGUR,          )  INDICTMENT)
      aka "Sabu,"                   )
17    aka "Xavier DeLeon,"          )
      aka "Leon,"                   )  [UNDER SEAL]
18                                  )
                  Defendant.        )
19 _____  )

20

21
        The government hereby files this notice of waiver of
22
   indictment, declaration of Stephanie S. Christensen, and
23
   Exhibit A (Waiver of Indictment), filed in connection with the
24
   ///
25
   ///
26
   ///
27

28

1    information and related documents filed concurrently herewith.

2    Dated: August 4, 2011          Respectfully submitted,

3                                    ANDRÉ BIROTTE JR.
                                     United States Attorney
4
                                     ROBERT E. DUGDALE
5                                    Assistant United States Attorney
                                     Chief, Criminal Division
6

7                                    _____

8                                    STEPHANIE S. CHRISTENSEN
                                     ERIC D. VANDEVELDE
9                                    Assistant United States Attorneys

10                                   Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

<u>DECLARATION OF STEPHANIE S. CHRISTENSEN</u>

I, Stephanie S. Christensen, hereby declare and state as follows:

1.   I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I represent the government in the prosecution of <u>United States v. Hector Xavier Monsegur</u>.

2.   Defendant Hector Xavier Monsegur ("defendant") was arrested in the Southern District of New York ("SDNY") on or about June 7, 2011.  Defendant has admitted his involvement in unauthorized computer intrusions or "hacks" into various computer networks of several well-known corporations, has provided detailed information regarding the involvement of others in such hacks, is actively cooperating with the government, and has indicated an intent to continue working proactively with the government.

3.   Defendant intends to plead guilty to charges arising out of a number of districts, specifically, SDNY, the Central District of California ("CDCA"), the Eastern District of California ("EDCA"), the Eastern District of Virginia ("EDVA"), and the Northern District of Georgia ("NDGA").  Pursuant to the agreement between defendant and these districts, each of the districts will file an information, all charges arising out of CDCA, EDCA, EDVA, and NDGA will be transferred to SDNY via Federal Rule of Criminal Procedure 20, and defendant will plead guilty to all charges in SDNY.

4.   To that end, on August 5, 2011, defendant appeared before a judge in SDNY and executed a waiver of indictment,

1

1   attached hereto as Exhibit A, as to all the charges arising out

2   of all of the districts.  As set forth in the waiver of

3   indictment, defendant also waived the right to a personal

4   appearance in CDCA, EDCA, EDVA, and NDGA.  Defendant also

5   executed paperwork pursuant to Rule 20, consenting to the

6   transfer of all charges to SDNY.

7       I declare under penalty of perjury that the foregoing is

8   true and correct to the best of my knowledge and belief.

9   Executed this August ___, 2011, at Los Angeles, California.

12                   STEPHANIE S. CHRISTENSEN
                         Assistant United States Attorney

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA         :        WAIVER OF INDICTMENT

          - v. -                 :

HECTOR XAVIER MONSEGUR,          :        11 CRIM 666
     a/k/a "Sabu,"
     a/k/a "Xavier DeLeon,"      :
     a/k/a "Leon,
                                 :
          Defendant.
- - - - - - - - - - - - - - - x

          HECTOR XAVIER MONSEGUR, a/k/a "Sabu," a/k/a "Xavier

DeLeon," a/k/a "Leon," the defendant, who is accused of

violating:

          1.   In the Southern District of New York, Title 18,

United States Code, Sections 1030(b), 1030(a)(5)(A), 1030(a)(4),

1030(c)(4)(B)(i), 1030(c)(3)(A), 1029(b)(2), 1349, 1028A, and 2;

          2.   In the Eastern District of California, Title 18,

United States Code Sections 1030(a)(5)(A), 1030(c)(4)(B)(i), and

2;

          3.   In the Central District of California, Title 18,

United States Code, Sections 1030(a)(5)(A), 1030(c)(4)(B)(i),

and 2;

          4.   In the Eastern District of Virginia, Title 18,

United States Code, Sections 1030(a)(5)(A), 1030(c)(4)(B)(i),

and 2;

5.    In the Northern District of Georgia, Title 18, United States Code, Sections 1030(a)(5)(A), 1030(c)(4)(B)(i), and 2;

being advised of the nature of the charges and of his rights, hereby waives, in open Court, prosecution by indictment in each of the foregoing districts and consents that the proceedings in each of the foregoing districts may be by information instead of by indictment.

The defendant further waives any right to a personal appearance, including an initial appearance pursuant to Federal Rule of Criminal Procedure 5, in each of the districts identified in subsections (2) through (5), above, with the understanding that the charges in each of those districts will be transferred, pursuant to Federal Rule of Criminal Procedure 20, to the Southern District of New York.

2

The defendant further waives any right he may have to separately appointed counsel in each of the districts identified in subsections (2) through (5), above, and consents to proceeding through Federal Defenders of New York, Inc., the attorneys appointed in the Southern District of New York to represent the defendant.

_____
Defendant

_____
Witness

_____
Counsel for Defendant

Date:     New York, New York
          August 5, 2011

3

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEPHANIE S. CHRISTENSEN (Cal. Bar No. 236653)
ERIC D. VANDEVELDE (Cal. Bar No. 240699)
Assistant United States Attorneys
Cyber & Intellectual Property Crimes Section
      1200 United States Courthouse
      312 North Spring Street
      Los Angeles, California  90012
      Telephone: (213) 894-2576/3756
      Facsimile: (213) 894-0141
      E-mail: stephanie.christensen@usdoj.gov
             eric.vandevelde@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                  UNITED STATES DISTRICT COURT

          FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,          )   No. CR 11-_____
                                   )
                  Plaintiff,       )   CRIMINAL FILING
                                   )
             v.                    )
                                   )   [UNDER SEAL]
UNDER SEAL,                        )
                                   )
                  Defendant.       )
                                   )
_____)

FILED
CLERK U.S. DISTRICT COURT

AUG 1 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

CR11 0766

1   ANDRÉ BIROTTE JR.
    United States Attorney
2   ROBERT E. DUGDALE
    Assistant United States Attorney
3   Chief, Criminal Division
    STEPHANIE S. CHRISTENSEN (Cal. Bar No. 236653)
4   ERIC D. VANDEVELDE (Cal. Bar No. 240699)
    Assistant United States Attorneys
5   Cyber & Intellectual Property Crimes Section
        1200 United States Courthouse
6       312 North Spring Street
        Los Angeles, California  90012
7       Telephone: (213) 894-2576/3756
        Facsimile: (213) 894-0141
8       E-mail: stephanie.christensen@usdoj.gov
                eric.vandevelde@usdoj.gov
9
    Attorneys for Plaintiff
10  UNITED STATES OF AMERICA

11              UNITED STATES DISTRICT COURT

12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13  UNITED STATES OF AMERICA,      )  No. CR 11-766
                                    )
14                 Plaintiff,       )  GOVERNMENT'S EX PARTE
                                    )  APPLICATION FOR ORDER SEALING
15                 v.               )  CASE; DECLARATION OF STEPHANIE
                                    )  S. CHRISTENSEN
16  HECTOR XAVIER MONSEGUR,         )
        aka "Sabu,"                 )
17      aka "Xavier DeLeon,"        )  [UNDER SEAL]
        aka "Leon,"                 )
18                                  )
                   Defendant.       )
19

20
        The government hereby applies ex parte for an order that the
21
    information and all related pleadings in the above-titled case be
22
    kept under seal until further order of the Court.
23
    ///
24
    ///
25
    ///
26

27

28

1    This ex parte application is based on the attached

2  declaration of Stephanie S. Christensen.

3  Dated: August ___, 2011         Respectfully submitted,

4                                  ANDRÉ BIROTTE JR.
                                    United States Attorney
5
                                    ROBERT E. DUGDALE
6                                   Assistant United States Attorney
                                    Chief, Criminal Division
7

8                                   _____

9                                   STEPHANIE S. CHRISTENSEN
                                    ERIC D. VANDEVELDE
                                    Assistant United States Attorneys
10
                                    Attorneys for Plaintiff
11                                  UNITED STATES OF AMERICA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

DECLARATION OF STEPHANIE S. CHRISTENSEN

I, Stephanie S. Christensen, hereby declare and state as follows:

1.    I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I represent the government in the prosecution of United States v. Hector Xavier Monsegur.

2.    Defendant Hector Xavier Monsegur ("defendant") was arrested on or about June 7, 2011.

3.    Defendant is actively cooperating with the government and has indicated an intent to continue working proactively with the government.  Defendant has provided the government with detailed information concerning the activities of certain individuals who are suspected of being involved in unauthorized computer intrusions or "hacks" into various computer networks of several well-known corporations.

4.    The government anticipates that, after further investigation, information provided by defendant may be used to charge defendant's accomplices and other individuals identified by defendant.

5.    Although there is a qualified right of public access to court documents, courts have recognized that documents may be filed under seal to protect, among other things, a cooperating defendant's safety or to further ongoing law enforcement efforts, including grand jury investigations.  See United States v. Cojab, 996 F.2d 1404, 1407-09 (2d Cir. 1993) (affirming sealing order); United States v. Haller, 837 F.2d 84, 88 (2d Cir. 1988) (affirming decision to seal that portion of a plea agreement that

1

1  referred to a defendant's ongoing cooperation); see also Fed. R.

2  Crim. Pro. 49.1(d) and (e) & advisory committee note (permitting

3  a court to order filings to be made under seal, and explicitly

4  listing, as examples, "motions for downward departure for

5  substantial assistance" and "plea agreements indicating

6  cooperation").  Courts have also recognized that even docketing

7  the applications to seal those materials could be prejudicial,

8  and in such cases the applications themselves and related notes

9  to the docket could be sealed.  See United States v. Alcantara,

10 396 F.3d 189, 200 n.8 (2d Cir. 2005).  Docketing this case under

11 "United States v. Under Seal" and sealing all filings in the case

12 is equivalent to making a sealed entry in the docket sheet.

13      6.   Compelling security and law enforcement interests

14 support an order directing that filings and other docket entries

15 in this case be made under seal.  The investigative targets who

16 are the subject of defendant's cooperation include certain

17 computer "hackers" who are known to the FBI to, among other

18 things, monitor public court dockets.  The FBI further informs me

19 that it appears these hackers are aware of defendant's true

20 identity, although he often communicates with them using a

21 nickname or online personality.  Accordingly, were the sealing

22 request denied and defendant's true name publicly revealed on the

23 docket, it is likely that the hackers would become aware that

24 defendant had been arrested, thus preventing defendant from

25 further proactive cooperation.  Moreover, the FBI has informed me

26 that the hackers are known to take steps against those who

27 cooperate with the government.  Among other things, the hackers

28 may "dox" an individual who is cooperating, as well as that

1  individual's family members -- meaning that the hackers will
2  publish online the personal identification information of the
3  cooperator and that cooperator's family members.  The publicly
4  available information may then be used to harass the cooperator
5  and the cooperator's family in a variety of ways.  This obviously
6  creates danger for the cooperator, the cooperator's family, and
7  law enforcement.  Exposure of defendant's cooperation would
8  jeopardize substantial ongoing investigations into defendant's
9  former co-conspirators, several of whom are suspected of carrying
10  out substantial computer hacks against several businesses.  An
11  order sealing filings and other docket entries in this case would
12  greatly reduce the risk that defendant's ongoing cooperation with
13  the government will be exposed, and will help ensure defendant's
14  safety.

15      7.   Defendant's cooperation (and the charges against
16  defendant) will not be kept sealed indefinitely, however.  The
17  government anticipates that, once defendant's cooperation leads
18  to the arrest and prosecution of the targets of this
19  investigation, the filings in this case may be unsealed, and the
20  docket sheet could reflect the true caption of this case.  At
21  that time, the government will seek an order unsealing the
22  filings of this case, and restoring the true caption of the case
23  to the docket sheet.

24      8.   Accordingly, the government requests that filings and
25  other docket entries in this case, including this declaration and
26  any order issued in connection with it, be filed under seal, and
27  that the case be captioned "United States v. Under Seal" in the
28  public docket, until further order of the court.

3

1        I declare under penalty of perjury that the foregoing is

2   true and correct to the best of my knowledge and belief.

3   Executed this August ___, 2011, at Los Angeles, California.

4

5

6                                    _____
                                     STEPHANIE S. CHRISTENSEN
7                                    Assistant United States Attorney

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

U.S. GPO 1999 710-924

In the United States District Court

for the Central _____ District of California _____

United States of America

v.

Hector X. Monsegur

Criminal No.

Consent to Transfer of Case

for Plea and Sentence

*(Under Rule 20)*

I, Hector X. Monsegur _____, defendant, have been informed that a u Information _____ *(indictment,*

*information, complaint)* is pending against me in the above designated cause. I wish to plead guilty _____

*(guilty, nolo contendere)* to the offense charged, to consent to the disposition of the case in the Southern _____

District of New York _____ in which I am under arrest _____ *(am under arrest, am held)* and to waive

trial in the above captioned District.

Dated: August 5th _____, ~~19~~ 201at New York, NY _____

_____
*(Defendant)*

_____
*(Witness)*

_____
*(Counsel for Defendant)*

Approved

_____        _____
Andre Birotte Jr.)                     Preet Bharara/ By James Pastore

1  ANDRÉ BIROTTE JR.
   United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   STEPHANIE S. CHRISTENSEN (Cal. Bar No. 236653)
4  ERIC D. VANDEVELDE (Cal. Bar No. 240699)
   Assistant United States Attorneys
5  Cyber & Intellectual Property Crimes Section
      1200 United States Courthouse
6      312 North Spring Street
      Los Angeles, California  90012
7      Telephone: (213) 894-2576/3756
      Facsimile: (213) 894-0141
8      E-mail: stephanie.christensen@usdoj.gov
             eric.vandevelde@usdoj.gov
9
   Attorneys for Plaintiff
10 UNITED STATES OF AMERICA

11            UNITED STATES DISTRICT COURT

12       FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 UNITED STATES OF AMERICA,     )  No. CR 11-_____ CR11  0766
                                 )
14            Plaintiff,         )  [PROPOSED] ORDER SEALING CASE
                                 )
15            v.                 )
                                 )  [UNDER SEAL]
16 UNDER SEAL,                   )
                                 )
17            Defendant.         )
                                 )
18 _____  )
                                 )
19

20

21      For good cause shown, IT IS HEREBY ORDERED THAT:

22      The information and all pleadings in the above-titled case,

   the government's sealing application, and this order shall be

23 kept under seal until further order of the Court.

24 DATED: August  10 , 2011

25                              JACQUELINE H. NGUYEN
                         _____
26                       UNITED STATES ~~MAGISTRATE~~ JUDGE

27

28

*Memorandum*





| Subject: | Date: | |
|---|---|---|
| United States v. Hector Xavier Monsegur | August 8, 2011 | CR11 0766 |

| To: | From: |
|---|---|
| TERRY NAFISI<br>District Court Executive<br>United States District Court<br>Central District of California | STEPHANIE S.CHRISTENSEN<br>Assistant United States Attorney<br>Criminal Division |

Please note that I worked as a law clerk for United States District Judge Gary A. Feess from October 2004 to October 2005.  Judge Feess has a standing order not to allow former law clerks to appear before him.

I have worked on, and have been assigned, the above-referenced criminal action, United States v. Monsegur, being filed on or about August 8, 2011.

Accordingly, please ensure that the above-referenced criminal action is not assigned to Judge Feess.  Thank you for your assistance.

STEPHANIE S. CHRISTENSEN
Assistant United States Attorney

# *Memorandum*



| | |
|---|---|
| Subj: <br> **UNITED STATES v. HECTOR XAVIER MONSEGUR** | Date: <br> August 8, 2011    , CR11 0766 |

| | | | |
|---|---|---|---|
| To: | TERRY NAFISI <br> Clerk, United States District Court <br> Central District of California | From: | Stephanie S. Christensen <br> Eric D. Vandevelde <br> Assistant United States Attorneys <br> Criminal Division |

> FILED <br> CLERK, U.S. DISTRICT COURT <br> AUG 10 2011 <br> CENTRAL DISTRICT OF CALIFORNIA <br> BY                    DEPUTY

The accompanying matter being filed on August *8*, 2011,

_____ relates to      _x_ does not relate to

(1) a matter pending in the Criminal Division of the USAO at any time between October 2002 and October 5, 2003, the dates during which Jacqueline Chooljian was Chief of the Criminal Division in the USAO; (2) a matter pending in the Major Frauds Section of the USAO at any time between October 5, 2003 and January 6, 2006, the date on which Jacqueline Chooljian resigned her appointment in the USAO; or (3) a matter in which Jacqueline Chooljian was personally involved or on which she was personally consulted while employed in the USAO.

_____ relates to      _x_ does not relate to

a matter in which Patrick J. Walsh was personally involved or on which he was personally consulted while employed in the USAO.

_____ relates to      _x_ does not relate to

(1) a matter pending in the Riverside Branch of the USAO at any time between October 2, 2006 and April 4, 2011, the dates spanning the date when Sheri Pym became the Chief of the Riverside Branch of the USAO and the date when she resigned her appointment in the USAO; or (2) a matter in which Sheri Pym was personally involved or on which she was personally consulted while employed in the USAO.

_____ relates to      _x_ does not relate to

(1) a matter pending in the Major Frauds Section of the USAO at any time between May 8, 2009 and March 31, 2011, the dates spanning the date when Michael Wilner became a Deputy Chief of the Major Frauds Section of the USAO and the date when he resigned his appointment in the USAO; or (2) a matter in which Michael Wilner was personally involved or on which he was personally consulted while employed in the USAO.

STEPHANIE S. CHRISTENSEN
ERIC D. VANDEVELDE
Assistant United States Attorneys

**UNDER SEAL**

UNDER SEAL



FILED
CLERK, U.S. DISTRICT COURT

AUG 1 0 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>HECTOR XAVIER MONSEGUR,<br>    aka "Sabu,"<br>    aka "Xavier DeLeon,"<br>    aka "Leon,"<br><br>                    Defendant. | CR No.    CR11 0766<br><br>I N F O R M A T I O N<br><br>[18 U.S.C. §§ 1030(a)(5)(A),<br>(c)(4)(B)(i): Unauthorized<br>Impairment Of A Protected<br>Computer; 18 U.S.C. § 2(a):<br>Aiding and Abetting] |

The United States Attorney charges:

COUNT ONE

[18 U.S.C. §§ 1030(a)(5)(A), (c)(4)(B)(i), and 2]

In or about 2011, in the Central District of California, the Southern District of New York, and elsewhere, defendant HECTOR XAVIER MONSEGUR, also known as ("aka") "Sabu," aka "Xavier DeLeon," aka "Leon" ("defendant"), knowingly caused the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally caused damage without authorization by impairing the integrity and availability of data, a program, a system, and information on a computer system

1   that was used in interstate and foreign commerce and

2   communications, specifically, the servers of Sony Pictures

3   Entertainment ("Sony Pictures"), located in El Segundo,

4   California, thereby causing loss to Sony Pictures aggregating to

5   at least $5,000 in value during the calendar year 2011.

2

COUNT TWO

[18 U.S.C. §§ 1030(a)(5)(A), (c)(4)(B)(i), and 2]

In or about 2011, in the Central District of California, the Southern District of New York, and elsewhere, defendant HECTOR XAVIER MONSEGUR, also known as ("aka") "Sabu," aka "Xavier DeLeon," aka "Leon" ("defendant"), knowingly caused the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally caused damage without authorization by impairing the integrity and availability of data, a program, a system, and information on a computer system that was used in interstate and foreign commerce and communications, specifically, the servers of Fox Broadcasting Company ("Fox"), located in Los Angeles, California, thereby causing loss to Fox aggregating to at least $5,000 in value during the calendar year 2011.

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

WESLEY L. HSU
Assistant United States Attorney
Chief, Cyber and Intellectual
Property Crimes Section

STEPHANIE S. CHRISTENSEN
ERIC D. VANDEVELDE
Assistant United States Attorneys
Cyber and Intellectual Property
Crimes Section

3



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CASE SUMMARY**

FILED
CLERK, U.S. DISTRICT COURT
AG 1   2011
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY



Case Number __CR 11   0766__   Defendant Number _1_
U.S.A. v. Hector Xavier Monsegur   Year of Birth _1983_
☐ Indictment   ☑ Information   Investigative agency (FBI, DEA, etc.) _FBI_

**NOTE: All items are to be completed.  Information not applicable or unknown shall be indicated as "N/A".**

## OFFENSE/VENUE

a. Offense charged as a:
   ☐ Misdemeanor   ☐ Minor Offense   ☑ Felony
   ☐ Petty Offense   ☐ Class B Misdemeanor
b. Date of offense _____
c. County in which first offense occurred
   _____

d. The crimes charged are alleged to have been committed in:
   CHECK ALL THAT APPLY
   ☑ Los Angeles   ☐ Ventura
   ☐ Orange   ☐ Santa Barbara
   ☐ Riverside   ☐ San Luis Obispo
   ☐ San Bernardino   ☐ Other _____
Citation of offense __18 USC 1030(a)(5)(A), 2__
_____

## RELATED CASE

Has an indictment or information involving this defendant and the same transaction or series of transactions been previously filed and dismissed before trial?   ☑ No   ☐ Yes

IF YES   Case Number _____

Pursuant to Section 11 of General Order 08-05, criminal cases may be related if a previously filed indictment or information and the present case:
a. arise out of the same conspiracy, common scheme, transaction, series of transactions or events; or
b. involve one or more defendants in common, and would entail substantial duplication of labor in pretrial, trial or sentencing proceedings if heard by difference judges.
Related case(s), if any:  **MUST MATCH NOTICE OF RELATED CASE** _____
_____

## PREVIOUSLY FILED COMPLAINT

A complaint was previously filed on: _____
   Case Number _____
   Charging _____
_____

The complaint:   ☐ is still pending
   ☐ was dismissed on: _____

## COMPLEX CASE

Are there 8 or more defendants in the Indictment/Information?
   ☐ Yes*   ☑ No

Will more than 12 days be required to present government's evidence in the case-in-chief?
   ☐ Yes*   ☑ No

***AN ORIGINAL AND 3 COPIES (UNLESS ELECTRONICALLY FILED) OF THE NOTICE OF COMPLEX CASE MUST BE FILED 2 BUSINESS DAYS BEFORE THE ARRAIGNMENT IF EITHER YES BOX IS CHECKED.**

### Superseding Indictment/Information

**IS THIS A NEW DEFENDANT ?**   ☐ Yes   ☑ No

This is the _____ superseding charge, i.e. 1st, 2nd.
The superseding case was previously filed on:
_____

Case Number _____

The superseded case:
☐ is still pending before Judge/Magistrate Judge
_____

☐ was previously dismissed on _____

Are there 8 or more defendants in the superseding case?
   ☐ Yes*   ☐ No

Will more than 12 days be required to present government's evidence in the case-in-chief?
   ☐ Yes*   ☐ No

Was a Notice of Complex Case filed on the Indictment or Information?
   ☐ Yes   ☐ No

***AN ORIGINAL AND 3 COPIES OF THE NOTICE OF COMPLEX CASE MUST BE FILED 2 BUSINESS DAYS BEFORE THE ARRAIGNMENT IF EITHER YES BOX IS CHECKED.**

Is an interpreter required:   ☐ Yes   ☑ No
IF YES, list language and/or dialect: _____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CASE SUMMARY

**OTHER**

☑ Male                        ☐ Female
☑ U.S. Citizen                ☐ Alien
Alias Name(s) Sabu, Xavier DeLeon, Leon
_____

This defendant is charged in:      ☑ All counts
☐ Only counts: _____

☐ This defendant is designated as "High Risk" per 18 USC 3146(a)(2) by the U.S. Attorney.

☐ This defendant is designated as "Special Case" per 18 USC 3166(b)(7).

Is defendant a juvenile?        ☐ Yes    ☑ No
IF YES, should matter be sealed?   ☐ Yes    ☐ No

The area of substantive law that will be involved in this case includes:

☐ financial institution fraud    ☐ public corruption
☐ government fraud              ☐ tax offenses
☐ environmental issues          ☐ mail/wire fraud
☐ narcotics offenses            ☐ immigration offenses
☐ violent crimes/firearms       ☐ corporate fraud
☑ Other: computer fraud
_____
_____
_____

**CUSTODY STATUS**

Defendant is **not** in custody:
a.  Date and time of arrest on complaint: _____
b.  Posted bond at complaint level on: _____
    in the amount of $ _____
c.  PSA supervision?          ☐ Yes         ☐ No
d.  Is a Fugitive             ☐ Yes         ☐ No
e.  Is on bail or release from another district:
    _____
f.  ☐ Has not been arrested but will be notified by summons to appear.
g.  Warrant requested.        ☐ Yes         ☐ No

Defendant is **in** custody:
a.  Place of incarceration:  ☐ State       ☐ Federal
b.  Name of Institution: _____
c.  If Federal:  U.S. Marshal's Registration Number:
    _____
d.  ☐ Solely on this charge.  Date and time of arrest:
    _____
e.  On another conviction:  ☐ Yes          ☐ No
    IF YES ☐ State          ☐ Federal      ☐ Writ of Issue
f.  Awaiting trial on other charges:  ☐ Yes          ☐ No
    IF YES ☐ State          ☐ Federal      AND
    Name of Court: _____

Date transferred to federal custody: _____

This person/proceeding is transferred from another district pursuant to F.R.CrP.  ____ 20  ____ 21  ____ 40

**EXCLUDABLE TIME**

Determinations as to excludable time prior to filing indictment/information EXPLAIN: _____
_____
_____
_____
_____
_____

Date ____6/8/_____

_____
*Signature of Assistant U.S. Attorney*

___Stephanie  S. Christensen____
*Print Name*