# Exhibit E

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA

 4              v.                            11 Cr. 666 (LAP)

 5   JOHN DOE,
                                              Arraignment
 6                   Defendant.

 7   ------------------------------x

 8                                            New York, N.Y.
                                              August 5, 2011
 9                                            11:35 a.m.

10   Before:

11          HON. LORETTA A. PRESKA

12                                            District Judge

13
            APPEARANCES
14

15   PREET BHARARA
         United States Attorney for the
16       Southern District of New York
     JAMES PASTORE
17       Assistant United States Attorney

18
     FEDERAL DEFENDANTS OF NEW YORK, INC.
19       Attorneys for Defendant
     BY:  PHILIP L. WEINSTEIN
20        PEGGY CROSS

21

22

23

24

25
```

```
 1  interests of justice.
 2          MR. PASTORE:  Your Honor, I did want to address bail
 3  for a moment.
 4          THE COURT:  Yes, sir.
 5          MR. PASTORE:  This is a defendant who has been charged
 6  with serious crimes.  He is facing a significant amount of jail
 7  time.  I wanted to briefly address why the government continues
 8  to believe that the bail conditions set by Magistrate Judge
 9  Cott on June 8th continue to be appropriate.
10          Since literally the day he was arrested, the defendant
11  has been cooperating with the government proactively.  Those
12  efforts have involved cooperation against targets of national
13  and international interests.  Some of the groups against whom
14  the defendant is cooperating are known to retaliate against
15  people who cooperate with the government in ways ranging from
16  the mundane, for example, ordering hundreds of pizzas to
17  someone's house, to much more serious:  Calling in hostage
18  situations in part by using family information and having a
19  SWAT team show up at that person's home.  It's actually called
20  "swatting."  It's fair to say that this defendant has already
21  incurred a significant amount of personal risk by deciding to
22  cooperate.
23          As to the cooperation itself, because it involves
24  efforts against targets both here and abroad, the defendant has
25  literally worked around the clock with federal agents.  He has
```

1  been staying up sometimes all night engaging in conversations
2  with co-conspirators that are helping the government to build
3  cases against those co-conspirators.
4      During this time the defendant has been closely
5  monitored by the government.  We have installed software on a
6  computer that tracks his online activity.  There is also video
7  surveillance in the defendant's residence.  So, all of his
8  activities have been closely monitored, which has obviously
9  been an imposition not only on him but he also has two
10 daughters that he takes care of, is the foster parent for them.
11     The results of this carefully monitored cooperation
12 have already been quite positive.  To give the Court some sense
13 of it, the defendant receives information about security
14 vulnerabilities from a network, literally a worldwide network
15 of criminals, cybercriminals.  On a day-to-day basis the
16 defendant can sometimes receive upwards of two dozen
17 vulnerabilities.  Working with the FBI, that information has
18 been used to patch more than 150 vulnerabilities to date.
19     When I say "patch," I mean the FBI has been able to
20 reach out to victims sometimes before the hack has actually
21 occurred, other times after the hack has occurred but in an
22 effort to mitigate the harm from that hack.  That is, frankly,
23 something that we would probably not have been in a position to
24 do without the defendant's cooperation.
25     The defendant's information is also helping the

1  government close in on several prominent cybercriminals.
2      So, there is every reason to believe that by
3  continuing the defendant's bail, by allowing him to continue to
4  mitigate harm from cyberattacks, to continue to develop
5  evidence against other targets, that will able to mitigate
6  cybercrime and also apprehend some pretty serious
7  cybercriminals.
8      The defendant has been compliant with his bail
9  conditions for more than two months. I think he has shown that
10 at this point he is not a risk of flight, nor is he presently a
11 danger to the community.
12     For those reasons, the government respectfully submits
13 that bail be continued as set by Magistrate Judge Cott.
14     THE COURT: So ordered.
15     Anything else today, counsel?
16     MR. PASTORE: Nothing further from the government.
17     MS. CROSS: No. Thank you, your Honor.
18     THE COURT: The record remains sealed as we have
19 discussed.
20     (Adjourned)